# In the United States Court of Federal Claims

No. 22-717
(Filed:  19 December 2022)
NOT FOR PUBLICATION

*************************************

MICHELE GRAY,                           *
                                        *
                    Plaintiff,          *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
                    Defendant.          *
                                        *

*************************************

*Michele Gray*, *pro se*, of Troy, NY.

*Brendan D. Jordan*, Trial Attorney, Commercial Litigation Branch, with whom were *Claudia Burke*, Assistant Director, *Patricia M. McCarthy*, Director, *Brian M. Boynton*, Principal Deputy Assistant Attorney General, Civil Division, U.S. Department of Justice, all of Washington, DC, for the defendant.

## ORDER

**HOLTE, Judge.**

    *Pro se* plaintiff Michele Gray and a minor suffered from an infectious bacterial disease after using toilet paper ordered from Amazon.com following the start of the COVID-19 pandemic.  Plaintiff has brought multiple actions in federal district courts against Amazon.com, Inc. for tort claims.  Her previous suits have all been unsuccessful, and plaintiff now brings her case before this court.  Plaintiff alleges the government is liable for allowing Amazon to negligently ship these goods using interstate commerce.  Plaintiff asks the Court to grant her $350,000 in damages for her physical injuries caused by this allegedly harmful product delivered by Amazon.  Upon receipt of plaintiff's complaint, the Court ordered plaintiff to show cause as to why her case should not be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims.  For the reasons discussed below, the Court determines it lacks subject matter jurisdiction over plaintiff's complaint and therefore dismisses this case.

I.      **Background**

    A.      **Factual History**

The Court draws the following facts from plaintiff's filings, "accept[ing] all well-pleaded factual allegations as true and draw[ing] all reasonable inferences in [the nonmovant's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000); *see Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir. 1989) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) ("In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, unchallenged allegations of the complaint should be construed favorably to the pleader.").

During the COVID-19 pandemic on 20 March 2020, plaintiff bought toilet paper online from Amazon.com ("Amazon"). Am. Compl. at 7, ECF No. 8. Following the product's delivery on 23 April 2020, plaintiff and a minor child went to urgent care at the Troy Family Health Center in Troy, New York on 23 June 2010. *Id*. Exs. 3 & 4. The doctor discovered an infection that caused a lump around the anal area. *Id*. Plaintiff experienced itching problems in the anal area for "several weeks," and bacterial infections were present in the minor's urine. *Id*. The minor noticed the toilet paper "package was dirty." *Id*. Plaintiff called Amazon asking for "Giokfine," the foreign company in Asia that produced the toilet paper plaintiff received. *Id*. Plaintiff received no responses from either Amazon or Giokfine via phone call or email. Am. Compl. at 7–8.

Plaintiff has a history of filing lawsuits against Amazon and other companies for alleged harms, such as in *Gray v. Poland Spring Water*, No. 20-713, 2020 WL 5077442 (N.D.N.Y. July 31, 2020); *Gray v. Capstone Fin.*, No. 20-896, 2020 WL 6526086 (N.D.N.Y. Sept. 22, 2020); *Gray v. United States Dep't of Just.*, No. 20-712, 2020 WL 6304885 (N.D.N.Y. Oct. 28, 2020); *Gray v. GC Servs./Apple*, No. 20-714, 2021 WL 320742 (N.D.N.Y. Feb. 1, 2021); *Gray v. Fid. Inv.*, No. 20-718, 2022 WL 899477 (N.D.N.Y. Mar. 28, 2022); and *Gray v. Amazon*, No. 22-1177, 2022 WL 16758474 (W.D. Wash. Nov. 8, 2022). *See Gray v. Amazon.com, Inc.*, No. 21-116, 2021 WL 1909731, at *3 (N.D.N.Y. May 12, 2021) (discussing plaintiff's previous litigation). Plaintiff brought two previous suits against Amazon in the Northern District of New York based on the same facts for torts claims of negligence that allegedly violated state common law. *See Gray ex rel. B.G. v. Amazon*, No. 20-715, 2021 WL 129051 (N.D.N.Y. Jan. 14, 2021) (adopting magistrate judge's recommendation and order dismissing plaintiff's first amended complaint); *Gray v. Amazon.com, Inc.*, WL 1909737 (dismissing plaintiff's complaint with prejudice). On 29 June 2020, plaintiff sued Amazon for an alleged manufacturing defect under a products liability theory. *See Gray v. Amazon*, No. 20-715, 2020 WL 8474763, at *1 (N.D.N.Y. Sept. 29, 2020), *report and recommendation adopted sub nom. Gray ex rel. B.G. v. Amazon*, 2021 WL 129051. The district court first denied the motion for appointment of counsel and the motion to appoint a guardian ad litem because "the court [could not] find that Plaintiff's claims are likely to be of substance." *Id*. at 2. The court subsequently dismissed the complaint for lack of subject matter jurisdiction, for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, and because plaintiff did not properly bring a suit on behalf of the minor. *Id*. On 4 January 2021, Gray again filed suit against Amazon in the New York Supreme Court, Rensselaer County, for the same claims. *See Gray v. Amazon.com*, 2021 WL 1909737, at *1. Amazon removed the case to the New York Northern District Court, and on 12 May 2021, the district court dismissed the action with prejudice for failure to plausibly allege any claim against the defendant. *Id*. Plaintiff then filed suit in the Western District of Washington on the same facts, adding claims sounding in New York statutes to her product liability claims. *See Gray v.*

*Amazon*, 2022 WL 16758474, at *1.  The district court dismissed the case with prejudice, finding the claims were barred by res judicata because of plaintiff's case against Amazon regarding the same transaction in the Northern District of New York.  *Id.* at *2.

The present lawsuit is the second of three lawsuits filed by plaintiff in this court since May 2022.  On 27 June 2022, plaintiff filed the current complaint.  *See* Compl., ECF No. 1. Plaintiff alleges she contracted a bacterial infection due to using the toilet paper manufactured by Giokfine and shipped by Amazon.  Am. Compl. at 2.  Although plaintiff names the government as the defendant in her complaint, she occasionally describes Amazon as the defendant.  *Id.* ("The United States pursuant to a tort claim allowed the defendant [Amazon's] negligence and under strictly liability and is liable for defective goods . . . during a pandemic purchased at Amazon.com . . . .").  Plaintiff claims Amazon violated New York state law, a Health and Human Services ("HHS") regulation, 42 U.S.C. §§ 141 and 144, and the implied warranty of merchantability.  *Id.*  Plaintiff claims the government is liable for allowing the delivery into interstate commerce of biological products that can cause infectious bacterial diseases.  *Id.*  As a remedy, plaintiff seeks $350,000 in damages "for physical injury caused by defendant in violation of delivery [sic] biological product, infected with harmful bacterial [sic], causing the infectious bacterial disease."  *Id.* at 3.

### B.   Procedural History

Plaintiff filed her complaint on 27 June 2022.  *See* Compl.  The Court ordered plaintiff to show cause why the complaint should not be dismissed pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") on 30 June 2022.  *See* Order Show Cause, ECF No. 7. Plaintiff filed an amended complaint on 30 June 2022.  *See* Am. Compl.  The same day, plaintiff filed a one-page response explaining why the Court should not dismiss her case.  *See* Jurisdiction ("Resp. Order Show Cause"), ECF No. 10.  The government responded to the Court's order on 27 July 2022.  *See* Def.'s Resp. Order Show Cause ("Gov't's Resp."), ECF No. 12.  Plaintiff attempted to file a second amended complaint on 1 August 2022 without requesting leave of the Court.  *See* Sec. Am. Compl.[1]

## II.   Plaintiff's *In Forma Pauperis* Application

As an initial matter, plaintiff has twice requested the Court allow her to proceed *in forma pauperis*.  Plaintiff submitted her first motion to proceed *in forma pauperis* with her complaint on 27 June 2022, which the Court rejected as deficient due to the application being incomplete. *See* Order Show Cause at 1.  Plaintiff submitted her second motion to proceed *in forma pauperis* on 30 June 2022, which is complete.  *See* Appl. Proceed *In Forma Pauperis* ("IFP Appl."), ECF No. 9.  Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security

---

[1] Plaintiff's second amended complaint is deficient because it was filed without leave of the Court.  RCFC 15(1)(a) provides a party may only amend its pleadings one time as a matter of course.  The Clerk is nevertheless directed to file plaintiff's second amended complaint by leave of the Court because RCFC Rule 15(a)(2) "requires that the court grant leave to amend 'when justice so requires.' . . .  [T]he rule is generally applied liberally in favor of the movant, particularly a pro se movant."  *D-Beam v. Roller Derby Skate Corp.*, 316 F. App'x 966, 969 (Fed. Cir. 2008) (quoting Fed. R. Civ. P. 15(a)).

therefor, by a person who submits an affidavit that includes a statement . . . the person is unable to pay such fees or give security therefor." A plaintiff need not "be absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). An affidavit demonstrating a plaintiff is unable to pay the fee or provide security and "'still be able to provide' himself and dependents 'with the necessities of life'" is sufficient. *Id.*; *see also Waltner v. United States*, 93 Fed. Cl. 139, 143 (2010) (quoting *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007)) (stating the proper inquiry when considering an application to proceed *in forma pauperis* is whether "'paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute'").

Plaintiff states in her application to proceed *in forma pauperis* she was last employed on 28 January 2020, when her salary was $12.50/hour, and she received a net monthly income of $1800. IFP Appl. at 2. Plaintiff supports a child, pays monthly bills, receives money from social security payments, and owns land worth $10,000 that is currently for sale. *Id.* Under these circumstances, plaintiff has sufficiently demonstrated she is unable to pay the Court's filing fee. Plaintiff's 30 June 2022 application to proceed *in forma pauperis* is therefore granted. *See Adkins*, 335 U.S. at 339.

## III.    Applicable Law

### A.    Subject Matter Jurisdiction

"In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). "If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim." *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (per curiam) (citing RCFC 12(h)(3)).

The Court of Federal Claims is a court of limited jurisdiction. *Jentoft v. United States*, 450 F.3d 1342, 1349 (Fed. Cir. 2006) (citing *United States v. King*, 395 U.S. 1, 3 (1969)). Under the Tucker Act,

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). "By its express terms, therefore, the Tucker Act excludes tort claims from the Court of Federal Claims' jurisdiction." *Donnelly v. United States*, 733 F. App'x 1026, 1027 (Fed. Cir. 2018) (per curiam) (citing *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008)). Nor does this court's jurisdiction "extend to suits against individuals[.]" *Taylor v. United States*, 296 F. App'x 34, 35 (Fed. Cir. 2008).

### B.    *Pro Se* Litigants

*Pro se* litigants are granted greater leeway than parties represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers").  Despite such leeway, this court has long recognized "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements."  *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).  A *pro se* plaintiff—like any other plaintiff—must bear "the burden of establishing the Court's jurisdiction by a preponderance of the evidence[.]"  *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).  If a petitioner acts *pro se* in the drafting of her pleadings, it "may explain its ambiguities, but it does not excuse its failures, if such there be."  *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## IV.    Whether the Court Has Subject Matter Jurisdiction over Plaintiff's Claim

Plaintiff argues the government is liable for permitting Amazon's violation of state common law, the implied contract of merchantability, HHS § 2306, 42 U.S.C. §§ 141 and 144, and CVP § 1411 under theories of recklessness, negligence, and strict liability.  Am. Compl. at 2. Plaintiff claims Amazon "ignored" these violations and "disregard[ed] facts and evidence presented in court pursuant to any of the claims that govern the areas of HHS and the seller."  *Id*. In a one-page brief responding to the Court's Order to Show Cause, plaintiff claims:

> The court is authorized to hear primarily money claims founded upon the Constitution, federal statutes, executive regulations of US Dept of Health and Human Services with the United States.  This Court has jurisdiction over HHS.  The court's primary jurisdiction lies in 28 U.S.C. § 1491, the court may hear a variety of specialized claims against the federal government, which states that this court "shall have jurisdiction to render judgment on an action by an interested party . . . to a proposed award or the award of a contract or any alleged violation of statute or regulation in correction [sic] with a procurement or a proposed procurement."

*See* Resp. to Order to Show Cause.  Plaintiff thus argues the HHS regulation Amazon allegedly violated is money-mandating and therefore the Court has subject matter jurisdiction.  *See id*.

The government responds plaintiff's claims are against Amazon and not the government, and "[t]he United States is not implicated at all in this dispute between two private parties." Gov't Resp. at 4.  "Further, Ms. Gray specifically asserts that Amazon is the 'defendant.'"  *Id*. The government claims the Court has no jurisdiction to review federal district court decisions—the cases between plaintiff and Amazon.  *See id*. (citing *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *Kandakai v. United* States, No. 19-408, 2019 WL 1371390, at *5 (Fed. Cl. Mar. 25, 2019)).  A "supposed failure by the executive branch to enforce certain federal laws" is outside the jurisdiction of this Court, the government argues.  *Id*. (citing *Hicks v. United States*, 118 Fed. Cl. 76, 83 (2014)).  The government notes the Tucker Act does not grant the Court jurisdiction over tort claims, which include negligence, strict liability, and breach of the implied warranty of merchantability.  *Id*. (citing 28 U.S.C. § 1491(a)(1); *Shearin v. United*

*States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993)).  The government also contends the Court does not possess jurisdiction over violations of state law.  *Id.* (citing *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007)).  The government alleges the complaint does not establish the Court's jurisdiction because the federal laws cited by plaintiff are not money-mandating. Gov't Resp. at 5.  A mere breach of contract claim, the government argues, does not suffice because the alleged contract is not with the federal government.  *See id.* (citing *Perry v. United States*, 149 Fed. Cl. 1, 17–19 (2020), *aff'd*, No. 2020-2084, 2021 WL 2935075 (Fed. Cir. July 13, 2021)).

Plaintiff challenges the decisions of two federal district court judges as "ignor[ing]" the alleged violations committed by Amazon.  Compl. at 2.  The Court of Federal Claims is a court of limited jurisdiction.  *Jentoft v. United States*, 450 F.3d 1342, 1349 (Fed. Cir. 2006).  "[T]he Court . . . does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."  *Joshua*, 17 F.3d at 380.  This court is barred from reviewing district court decisions because "[p]ermitting parties aggrieved by the decisions of Article III tribunals to challenge the merits of those decisions in the Court of Federal Claims would circumvent the statutorily defined appellate process and severely undercut the orderly resolution of claims."  *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015) (citing 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."); *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218–19 (1995) (explaining Article III "gives the Federal Judiciary the power, not merely to rule on cases, but to decide them, subject to review only by superior courts in the Article III hierarchy")).  Plaintiff's claims two judges ignored facts and evidence "pursuant to any of the claims that govern the area of HHS" cannot be adjudicated in this court but must be raised, if at all, on appeal in the relevant cases.  Compl. at 2; *see Gray ex rel. B.G. v. Amazon*, No. 20-715, 2021 WL 129051 (N.D.N.Y. Jan. 14, 2021); *Gray v. Amazon.com*, No. 21-116, 2021 WL 1909737 (N.D.N.Y. May 12, 2021); *Shinnecock Indian Nation*, 782 F.3d at 1353.  To the extent plaintiff asks the Court to review the decisions rendered in the federal district court for the Northern District of New York, the Court lacks the jurisdiction to review those decisions.  *See Joshua*, 17 F.3d at 380.

Plaintiff argues the Court may hear claims based on a proposed award of a contract or any alleged violation of a statute or regulation based on a procurement.  *See* Resp. Order Show Cause.  A procurement "by definition involves a connection with any stage of the federal contracting acquisition process[.]"  *Distributed Sols., Inc. v. United States*, 539 F.3d 1340, 1346 (Fed. Cir. 2008).  No such process took place between plaintiff and the federal government.  No procurement is at issue in plaintiff's complaint because the contract between Amazon and plaintiff did not involve the government.  *See* Am. Compl. at 2.  Plaintiff does not allege the government but rather Amazon, who is not a party to this case, violated the cited statutes and regulations.  *See id.*  The contract thus cannot act as the money-mandating source necessary for the Court to have jurisdiction because it is not a procurement as plaintiff alleges.  *See Distributed Sols., Inc.*, 539 F.3d at 1346.

Plaintiff also makes tort claims under common law and New York statutes.  Am. Compl. at 2.  These claims are directed at Amazon, not the government.  *See id.*  The Court's jurisdiction does not encompass claims sounding in tort.  28 U.S.C. § 1491(a)(1); *Shearin v. United States*,

992 F.2d 1195, 1197 (Fed. Cir. 1993). Plaintiff cites 28 U.S.C. § 2671, claiming the law entitles her to damages for contributory negligence and "assumption of [sic] risk of infection." Sec. Am. Compl. at 2, 3 ("The US lack of enforcement of their legislative branches and its neglect caused the physical harm to the plaintiff in so pursuant to U.S. CODE § 2674 the United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as private individual under like circumstances."). The statute applies to tort claims, 28 U.S.C. § 2674, but the Tucker Act excludes tort claims from the Court's jurisdiction, *see* 28 U.S.C. § 1491(a)(1); *see also Shearin*, 992 F.2d at 1197. The other statute cited by plaintiff, CVP § 1411, is a New York state law over which the Court does not have jurisdiction. Am. Compl. at 2; *see* 28 U.S.C. § 1491; N.Y. C.P.L.R. 1411 (McKinney 1975). Plaintiff's state claims are excluded from the Court's jurisdiction in the Tucker Act. 28 U.S.C. § 1491(a)(1). The Court does not have jurisdiction over plaintiff's claims sounding in tort, *see Shearin*, 992 F.2d at 1197; *Donnelly v. United States*, 733 F. App'x 1026, 1027, or alleging violations of state law, s*ee Souders*, 497 F.3d at 1307.

Plaintiff alleges the government violated 42 U.S.C. § 264, the Public Health Service Act, by allowing the delivery of the products at issue into interstate commerce. *See* Sec. Am. Compl. at 3. "[I]n order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005); *see also Boaz Hous. Auth. v. United States*, 994 F.3d 1359, 1364 (Fed. Cir. 2021) ("In the parlance of Tucker Act cases, that source must be 'money-mandating.'"). No aspect of the Public Health Service Act is money-mandating. *See* 42 U.S.C. § 264. The Court therefore lacks subject matter jurisdiction over the claim of an alleged violation of 42 U.S.C. § 264. *See Fisher*, 402 F.3d at 1172.

An additional statute cited by plaintiff, HHS § 2306, does not appear to exist. *See* Am. Compl. at 2; Gov't's Mot. Dismiss at 1–2. Two sections of another cited statute, 42 U.S.C. §§ 141, 144, were repealed in 1944. 42 U.S.C. §§ 141, 144 (repealed 1944). If a statute is repealed, it is generally treated as if it never existed. *Foreman v. United States*, 26 Cl. Ct. 553, 561 n.16 (1992), *aff'd*, 60 F.3d 1559 (Fed. Cir. 1995). The Court does not have jurisdiction over the alleged violation of the repealed statute or the nonexistent statute. *See id.* at 556.

Plaintiff's complaint lacks a money-mandating source, does not make a claim for an award based on a procurement, and makes no legitimate claims against the government. Plaintiff's claims are grounded in tort, and the Court does not have subject matter jurisdiction over actions arising in tort. *See Rick's Mushroom Serv., Inc.*, 521 F.3d at 1342 (citing 28 U.S.C. § 1491(a)(1)). For the foregoing reasons, the Court finds it lacks subject matter jurisdiction over plaintiff's claims and must dismiss the case pursuant to RCFC 12(h)(3). *See Arunga v. United States*, 465 F. App'x 966, 967 (Fed. Cir. 2012) (citing RCFC 12(h)(3)) ("If the Court of Federal Claims determines at any time that it lacks subject matter jurisdiction, it must dismiss the action.").

## V.    Conclusion

The Court has considered all of plaintiff's arguments. To the extent not discussed specifically herein, they are unpersuasive, meritless, or unnecessary for resolving the issues

currently before the Court.  The Court **GRANTS** plaintiff's second motion to proceed *in forma pauperis* as plaintiff has shown paying the Court's filing fee would constitute a serious hardship. The Clerk is **DIRECTED** to file plaintiff's second amended complaint pursuant to RCFC Rule 15(a)(2).  Plaintiff fails to establish this Court has subject matter jurisdiction to decide the case. The Court, accordingly, **DISMISSES** plaintiff's amended complaint pursuant to RCFC 12(h)(3). The Clerk is **DIRECTED** to enter judgment dismissing plaintiff's amended complaint.  The Court further **CERTIFIES,** pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith because, similar to plaintiff's past cases in this court, *see supra* Section I.A, plaintiff's claims as alleged are clearly outside the jurisdiction of the Court and are incurable.

       **IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge
